IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BRENDA M. FOREMAN, )
 )
      Plaintiff, )
 )
v. ) 1:08CV287
 )
U.S. BANK NATIONAL ASSOCIATION )
and OCWEN LOAN SERVICING, LLC, )
 )
      Defendants. )

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

On March 24, 2008, *pro se* Plaintiff Brenda M. Foreman commenced this action by filing a complaint in the Superior Court of Durham County, North Carolina. Defendants U.S. Bank National Association ("U.S. Bank") and Ocwen Loan Servicing, LLC ("Ocwen") timely removed the case to this court on April 25, 2008. Plaintiff's complaint against Defendants appears to allege claims for: (1) unfair and deceptive trade practices; (2) infliction of emotional distress; (3) breach of fiduciary duty; (4) right to redeem or otherwise obtain title to the subject property; and (5) state and federal fair housing violations. In response to the complaint, Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on grounds of bar by *res judicata* and for failure to state a legal claim. Plaintiff has filed a response in opposition, and Defendants have filed a reply. The motion to dismiss (Docket No. 10) is ready for a ruling.

## FACTUAL BACKGROUND

Plaintiff Foreman was the owner of the real property involved in this litigation, located at 4920 Glendarion Drive in Durham County, North Carolina. (Docket No. 4, Complaint ("Compl.") ¶¶ 1, 4.) Foreclosure proceedings against the property were completed in 2005 and 2006, and U.S. Bank is now the owner of the subject property. (*Id.* ¶ 2.) Plaintiff was legally removed from the property after foreclosure. (*Id.* ¶ 4.)

After completion of the foreclosure proceedings, Plaintiff filed a complaint in Superior Court of Durham County, 06 CVS 2154, on December 14, 2006. (Docket No. 11, Defs.' Mem. of Law in Supp. of Mot. to Dismiss, Ex. 1, Previous Complaint.) The Court's review of that previous complaint and the complaint in this action shows that most of the allegations and claims in the prior complaint are identical or nearly identical to those in the present action. U.S. Bank was the sole defendant in the prior action.

On September 10, 2007, a superior court judge granted U.S. Bank's motion to dismiss the Plaintiff's case with prejudice. (*Id.*, Ex. 2.)

## DISCUSSION

**A.** *Res Judicata*

A motion to dismiss pursuant to Rule 12(b)(6) is properly granted if the claims asserted by a plaintiff are barred by the doctrine of *res judicata*. *Cassell v. United States*, 348 F. Supp. 2d 602, 604 (M.D.N.C. 2004). Under principles of *res judicata*, if "later litigation arises from the same cause of action as the first, then the judgment in the prior action bars

litigation 'not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented.'" *Orca Yachts, L.L.C. v. Mollicam, Inc.*, 287 F.3d 316, 318 (4th Cir. 2002) (*quoting In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996).

Defendants argue that because Plaintiff has already sued U.S. Bank on claims arising out of the events immediately following foreclosure of her former home – and the state court dismissed that case with prejudice – Plaintiff's current complaint is prohibited. Defendants further contend that since Ocwen is sued merely as an agent of U.S. Bank, Plaintiff's claims are barred against Ocwen as well. *See* Compl. ¶ 3 ("Ocwen Loan Servicing, LLC is the agent of the Bank for purposes related to the management, disposition, and resale of the property.").

*Res judicata* "relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). When a state court has adjudicated a claim or issue, the doctrine also serves to "promote the comity between state and federal courts that has been recognized as a bulwark of the federal system. *Id.* at 96. Under 28 U.S.C. § 1738, federal courts must give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgment emerged. *Kremer v. Chem. Const. Corp.*, 456 U.S. 461 (1982).

-3-

Under the doctrine of *res judicata*, or "claim preclusion," a final judgment on the merits in one action precludes a second suit based on the same cause of action between the same parties or their privies. *Whitacre P'ship v. Biosignia, Inc.*, 358 N.C. 1, 15, 591 S.E.2d 870, 880 (2004). The doctrine prevents the relitigation of all matters that were or should have been adjudicated in the prior action. *Id.; Thomas M. McInnis & Assocs., Inc. v. Hall*, 318 N.C. 421, 428, 349 S.E.2d 552, 557 (1986). "'A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court.'" *Foreman v. Foreman*, 144 N.C. App. 582, 586, 550 S.E.2d 792, 795 (2001) (quoting *Veazey v. Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950).

In the case at bar, Plaintiff's previous case against U.S. Bank was dismissed with prejudice. Consequently, a final judgment has been issued. Moreover, the previous complaint alleged claims for unfair and deceptive trade practices; infliction of emotional distress; an accounting of U.S. Bank; a right to redeem; and an apparent claim of racial discrimination claim. All of these claims were said to arise out of the foreclosure of Plaintiff's property. In the present action, Plaintiff appears to allege unfair and deceptive trade practices; infliction of emotional distress; breach of fiduciary duty; right to redeem and/or otherwise obtain title to the subject property; and state and federal fair housing violations. The claims for unfair and deceptive trade practices, infliction of emotional distress, and to obtain title to the property in the two actions are identical. Breach of fiduciary duty in the present action is a tort action for breach of duty similar to the claim for

infliction of emotional distress, and accordingly "should have been adjudicated in the prior action." *Foreman*, 144 N.C. App. at 586, 550 S.E.2d at 795; *Veazey*, 231 N.C. at 361-62, 57 S.E.2d at 381. Similarly, if fair housing act violations are satisfactorily alleged in the current complaint, they are predicated on the same allegations of racial discrimination as were alleged in the previous complaint, and therefore either have been adjudicated or "should have been adjudicated in the prior action." *Id*.

Finally, the previous action and this action were and are, at least as to U.S. Bank, between the same parties or their privies. *Whitacre*, 358 N.C. at 15, 591 S.E.2d at 879. Foreman was the plaintiff in the previous case and U.S. Bank was the sole defendant. In the present complaint, Foreman has added Ocwen as a defendant; her complaint notes that Ocwen is merely the agent of U.S. Bank. (Compl. ¶ 3 ("Ocwen Loan Servicing, LLC is the agent of the Bank for purposes related to the management, disposition, and resale of the property").) While Ocwen contends that it is in privity with U.S. Bank by reason of the agency relationship, Ocwen cites no North Carolina case which would support a finding of privity in this case at the pleading stage sufficient for the application of bar by *res judicata*. Generally, under North Carolina law, privity exists "if the person has acquired an interest in the subject matter of the action whether by succession, inheritance, or purchase from the party subsequent to the action." *See Strong's N.C. Index 4th*, 19 N.C. Index 4th Judgments § 199 (2008). Ocwen is not shown at this stage to have a relationship with U.S. Bank or the property in question sufficient for a finding of privity under North Carolina law. Discovery

or matters outside the pleadings might show a sufficient relationship for a finding of privity, but that determination is beyond the reach of Defendants' Rule 12(b)(6) motion.

For reasons set forth above, the Court finds and concludes that Plaintiff's current complaint is barred as to U.S. Bank by the doctrine of *res judicata*, because her previous, nearly identical complaint against that defendant was dismissed with prejudice in September 2007. Her present complaint should be dismissed with prejudice as to U.S. Bank for failure to state a claim upon which relief may be granted. Her claims against Defendant Ocwen are not subject to dismissal on *res judicata* grounds at this time.

**B.     Failure to State a Claim**

Defendants have moved for dismissal pursuant to Rule 12(b)(6) on the alternative ground that Plaintiff has stated no legal claim in the complaint filed March 24, 2008. Dismissal is proper under Rule12(b)(6) where a plaintiff fails to plead a short and plain statement of the claim showing the pleader is entitled to relief. *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). For the purposes of Rule 12(b)(6), the Court is not required to accept as true the legal conclusions set forth in a plaintiff's complaint. *District 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085 (4th Cir. 1979). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," as opposed to merely conceivable on some undisclosed set of facts. *Bell Atl. Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955, 1974 (2007). Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." *Id*. at 1964-65.

    1.    <u>Unfair or Deceptive Trade Practices</u>

In order to establish a claim for unfair or deceptive trade practices, a plaintiff must allege sufficient facts tending to show that the defendant committed an unfair or deceptive trade practice, the act in question affected commerce, and the act proximately caused injury to the plaintiff. *Dalton v. Camp*, 353 N.C. 647, 656, 548 S.E.2d 704, 710-11 (2001). An unfair act or practice is conduct which amounts to an inequitable assertion of power or position, or is immoral, unethical, oppressive, unscrupulous, or substantially injurious. *Southeastern Shelter Corp. v. BTU, Inc.*, 154 N.C. App. 321, 330, 572 S.E.2d 200, 206 (2002); *Pierce v. Reichard*, 163 N.C. App. 294, 301, 593 S.E.2d 787, 791-92 (2004).

In this case, Plaintiff Foreman has alleged that after foreclosure, Defendants were not as responsive as Plaintiff believes they should have been regarding her offers to "redeem" (post-foreclosure) the property. However, there is no right under North Carolina law to redeem post-foreclosure. *See* N.C. Gen. Stat. § 45-21; *Anderson v. Moore*, 233 N.C. 299, 301-02, 63 S.E.2d 641, 643-44 (1951). Plaintiff alleges various effects of the foreclosure, but these allegations, which demonstrate nothing more than that Defendants pursued a right under law (foreclosure), cannot rise to the level of "immoral, unethical, oppressive, unscrupulous" acts. *Pro se* Plaintiff Foreman makes broad arguments in briefing like "[t]he

-7-

continuing and mounting 'mortgage crisis' has significantly altered the factual context and reframed the public policy issues presented in Plaintiff's Complaint." (Docket No. 16, Pl.'s Mem. of Law in Opp'n to Defs.' Mot. to Dismiss at 2.)  But this argument does not address the legal issues before the Court.  The Court finds no allegations of the present complaint that would support a claim for unfair or deceptive trade practices.

      2.     <u>Infliction of Emotional Distress</u>

The elements of a claim for intentional infliction of emotional distress are extreme and outrageous conduct, which is intended to cause and does cause severe emotional distress to another. *Dickens v. Puryear*, 302 N.C. 437, 452, 276 S.E.2d 325, 334-35 (1981).  The initial determination of whether conduct is extreme and outrageous is a question of law for the court.  *Briggs v. Rosenthal*, 73 N.C. App. 672, 676, 327 S.E.2d 308, 311 (1985).  Plaintiff Foreman alleges that she has suffered distress because of her "legal removal attendant to foreclosure." (Compl. ¶ 4.)  Such a claim does not rise to the level of infliction of emotional distress as a matter of law.

      3.     <u>Breach of Fiduciary Duty</u>

Plaintiff's primary allegation in support of her claim based upon fiduciary duty by Defendants is the assertion that: "The Bank stands in a fiduciary relationship to Foreman." (Compl. ¶ 7.)  However, the mere recitation of the phrase "fiduciary relationship" is insufficient. *Bell Atlantic*, 550 U.S. ___, 127 S. Ct. at 1964-1965.  A fiduciary relationship exists when one person reposes a special confidence in another, in which event the one

trusted is bound to act in good faith and with due regard to the interests of the other. *Adams v. Moore*, 96 N.C. App. 359, 362, 385 S.E.2d 799, 801 (1989); *Abbitt v. Gregory*, 201 N.C. 577, 160 S.E. 896 (1931). Nonetheless, the complaint in this action makes it clear there was no fiduciary relationship between Plaintiff and either of the Defendants. *See Pinney v. State Farm Mut. Ins. Co.*, 146 N.C. App. 248, 552 S.E.2d 186 (2001) (complaint failed where legal precedent established that no fiduciary duty existed); *Wells v. North Carolina Nat'l Bank*, 44 N.C. App. 592, 596, 261 S.E.2d 296, 298 (1980) (summary judgment for lender affirmed where plaintiff alleged lender had promised to procure fire insurance for financed property, but failed to do so, and property was destroyed by fire; there was "no indication that a fiduciary relationship . . . existed between plaintiff and [the lender] such that would create a duty on the part of [the lender] to attend to details of plaintiff's purchase other than the financial services it offered"); *Stern v. Great Western Bank*, 959 F. Supp. 478, 487 (N.D. Ill. 1997) (dismissing fiduciary duty claims and holding: "Generally, a lender is not considered a fiduciary of its borrower. . . . [T]he conventional mortgagor-mortgagee relationship, standing alone, is insufficient to sustain an allegation of a fiduciary or special relationship."). Therefore, Plaintiff fails to state a claim for breach of fiduciary duty.

    4.    <u>Redemption and/or Repurchase</u>

Under North Carolina law, there exists no right to redeem post-foreclosure. *See* N.C. Gen. Stat. § 45-21; *Anderson,* 233 N.C. at 301-02, 63 S.E.2d at 643-44. Nor is there shown

-9-

Case 1:08-cv-00287-WO-PTS   Document 18   Filed 09/16/08   Page 9 of 10

to be any special right to repurchase property post-foreclosure. Plaintiff's present complaint therefore fails to state a claim for redemption or similar relief.

     5.    <u>Violation of Federal and/or State Fair Housing Laws</u>

Plaintiff alleges generally that Defendants' "callous" treatment of Plaintiff is due to her status as an African American and/or female, in contravention of "state and federal fair housing laws." (Compl. ¶ 13.) This allegation fails to specify any improper action by Defendants. Plaintiff alleges that, after foreclosure and eviction, she has had difficulty in dealing with Defendants. This is not sufficient to state a claim for unspecified "state and federal fair housing laws." *See Bell Atlantic,* 550 U.S. ___, 127 S. Ct. at 1974 (holding that Rule 12(b)(6) requires specific allegations of fact which show that plaintiff's claims are plausible on their face).

## CONCLUSION

For reasons set forth above, **IT IS RECOMMENDED** that Defendants' motion to dismiss under Rule 12(b)(6) (Docket No. 10) be granted in full. Defendant U.S. Bank is entitled to judgment based upon principles of *res judicata* and for Plaintiff's failure to state a legal claim. Defendant Ocwen is entitled to judgment for Plaintiff's failure to state a legal claim upon which relief can be granted.

                                                       /s/ P. Trevor Sharp
                                                  United States Magistrate Judge

Date: September 16, 2008